[Cite as *Hightower v. Ohio Dept. of Transp.*, 2011-Ohio-1414.]

of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLENN HIGHTOWER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant
    Case No. 2010-06036

Judge Clark B. Weaver Sr.

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On December 14, 2010, defendant, Ohio Department of Transportation (ODOT), filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff has not filed a memorandum in opposition.

{¶ 2} In the complaint, plaintiff alleges that on February 22, 2010, his vehicle was damaged when it struck a pothole on Interstate 70 (I-70) near Interstate 675. Plaintiff claims that ODOT was negligent in its maintenance of I-70 and that ODOT's negligence proximately caused the damage to his vehicle.

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.  Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App.3d 189; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723.

{¶ 5} Ohio law regarding ODOT's liability for damage to vehicles caused by potholes on state roadways was succinctly set forth by this court in *Carson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-01581-AD, 2010-Ohio-4584, as follows:

{¶ 6} "Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently."  Id. at ¶9, citing *Denis v. Ohio Dept. of Transp.* (Feb. 27, 1976), Ct. of Cl. No. 1975-0287-AD.

{¶ 7} As noted above, plaintiff has failed to respond to defendant's motion. Thus, there is no evidence that defendant had actual notice of the pothole in question prior to the February 22, 2010 incident.  Furthermore, in support of the motion for summary judgment, defendant submitted the affidavit of Jim Shull, defendant's "Transportation manager 3."  Therein, Shull avers:

{¶ 8} "3. ODOT Clark County maintenance personnel were continually monitoring the area of Interstate Route 70 identified by the Plaintiff, and ODOT records indicate that it was conducting frequent (at least biweekly) road inspections of this portion of the highway.

{¶ 9} "4. From January 4, 2010 to February 27, 2010 ODOT personnel patched three pot holes.

{¶ 10} "5. These pot holes only penetrated the surface course of the road. Therefore, they were no deeper than 1 1/2 inches deep and approximately 1 x 1 feet wide.

{¶ 11} "6. ODOT maintenance personnel patched these pot holes immediately after becoming aware of their existence.

{¶ 12} "7. ODOT never received any reports from the Plaintiff or any other persons traveling Interstate Rt. 70 of a large pot hole immediately before or after the day Plaintiff claims he encountered this pot hole."

{¶ 13} The only permissible inference to draw from Shull's uncontested affidavit is that ODOT did not have constructive notice of the pothole in question and that ODOT's general maintenance practices with respect to the roadway were reasonable, under the circumstances.  See *Herlihy v. Ohio Dept. of Transp.* (July 19, 1999), Ct. of Cl. No. 1999-07011-AD.

{¶ 14} The Tenth District Court of Appeals has stated:

{¶ 15} "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of one or more of the nonmoving party's claims for relief.  *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292.  If the moving party satisfies this initial burden by presenting or identifying appropriate Civ.R. 56(C) evidence, the nonmoving party must then present similarly appropriate evidence to rebut the motion with a showing that a genuine issue of material fact must be preserved for trial.  *Norris v. Ohio Standard Oil Co.* (1982), 70 Ohio St.2d 1,2.  The nonmoving party does not need to try the case at this juncture, but its burden is to produce more than a scintilla of evidence in support of its claims.  *McBroom v. Columbia Gas of Ohio, Inc.* (June 28, 2001), Franklin App. No. 00Ap-1110." *Nu-Trend*

Case No. 2010-06036 - 4 - ENTRY

*Homes, Inc. et al. v. Law Offices of DeLibera, Lyons & Bibbo et al.*, Franklin App. No. 01AP-1137, 2003-Ohio-1633, ¶17.

{¶ 16} Plaintiff has not responded to defendant's motion with any evidence to rebut defendant's motion or otherwise establish the existence of a genuine issue of material fact.

{¶ 17} Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered for defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

John P. Reichley
Kristin S. Boggs
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Glenn Hightower
3347 Bodman Drive
Columbus, Ohio 43219

LP/cmd
Filed March 1, 2011
To S.C. reporter March 22, 2011