[Cite as *Murphy v. Ohio Dept. of Transp.*, 2011-Ohio-7051.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELINOR MURPHY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-09110

Judge Alan C. Travis

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On October 17, 2011, defendant, Ohio Department of Transportation (ODOT), filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff has not filed a response. The motion is now before the court for a non-oral hearing.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} In her complaint, plaintiff alleges that on June 16, 2011, her vehicle was damaged when it struck a pothole on Interstate 71 (I-71) near mile marker 10.6. Plaintiff claims that ODOT was negligent in its maintenance of I-71 and that ODOT's negligence proximately caused the damage to her vehicle.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Dept. of Transp.* (1976), 49 Ohio App.2d 335. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Twp. of Somerford* (1996), 112 Ohio App.3d 189; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723. "Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently." *Carson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-01581-AD, 2010-Ohio-4584, ¶9, citing *Denis v. Dept. of Transp.* (Feb. 27, 1976), Ct. of Cl. No. 1975-0287-AD.

{¶6} Inasmuch as plaintiff has failed to respond to defendant's motion, there is no evidence that defendant had actual notice of the pothole in question prior to the June 16, 2011 incident. Furthermore, in support of the motion for summary judgment, defendant submitted the affidavit of William Davis, defendant's "District Eight Roadway Services Engineer." Therein, Davis avers:

{¶7} "3. ODOT District Eight maintenance personnel were continually monitoring and conducting normal routine maintenance to the area of Interstate Route 71 identified by the Plaintiff;

**{¶8}** "4.    ODOT's maintenance activity records indicate that there was a pothole patching operation on Interstate Route 71 South at mile marker 10.6 on June 16, 2011. This repair was performed by ODOT's night crew in the early morning hours of June 16, 2011, at least twelve (12) hours prior to the claimed incident (7:30 pm per Plaintiff);

**{¶9}** "5.    Any problems in this area would have been fixed by this repair, and ODOT's maintenance activity records indicate that no further repairs were required at this location in the 30 days after the June 16 incident.

**{¶10}** "6.    ODOT complaint records from December 16, 2010, to June 16, 2011, do not contain any complaints of potholes in the area of the alleged incident on Interstate Route 71 South."

**{¶11}** The only permissible inference to draw from Davis' uncontested affidavit is that ODOT did not have constructive notice of the pothole in question and that ODOT's general maintenance practices with respect to the roadway were reasonable, under the circumstances.   See *Herlihy v. Dept. of Transp.* (July 19, 1999), Ct. of Cl. No. 1999-07011-AD.

**{¶12}** "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of one or more of the nonmoving party's claims for relief.  *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292.  If the moving party satisfies this initial burden by presenting or identifying appropriate Civ.R. 56(C) evidence, the nonmoving party must then present similarly appropriate evidence to rebut the motion with a showing that a genuine issue of material fact must be preserved for trial.  *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2.  The nonmoving party does not need to try the case at this juncture, but its burden is to produce more than a scintilla of evidence in support of its claims.  *McBroom v. Columbia Gas of Ohio, Inc.* (June 28, 2001), Franklin App. No. 00AP-1110."  *Nu-Trend*

*Homes, Inc. v. Law Offices of DeLibera, Lyons & Bibbo*, Franklin App. No. 01AP-1137, 2003-Ohio-1633, ¶17.

{¶13} Plaintiff has not responded to defendant's motion with any evidence to rebut defendant's motion or otherwise establish the existence of a genuine issue of material fact.

{¶14} Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Kristin S. Boggs
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Elinor Murphy
6565 Crest Circle
Middletown, Ohio 45042

AMR/dms
Filed December 28, 2011
To S.C. reporter March 20, 2012